

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

**Eastern District of Kentucky**
**FILED**

JUL 1 9 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-493-GWU

RICHARD CORNETT,                                                    PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI). The appeal is currently before the Court on cross-motions

for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled. If no, proceed to Step 2.
      See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3. If no, the
      claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any
      impairment(s) significantly limiting the claimant's physical or
      mental ability to do basic work activities? If yes, proceed to

1

Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

Cornett

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Cornett

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Cornett

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   Varley   v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The plaintiff, Richard Cornett, was found by an Administrative Law Judge

(ALJ) to have "severe" impairments consisting of obesity and "low back

pain/lumbago/muscle spasms." (Tr. 21).   Nevertheless, based in part on the

testimony of a vocational expert (VE), the ALJ determined that Mr. Cornett retained

the residual functional capacity to perform a significant number of jobs existing in the

economy and, therefore, was not entitled to benefits. (Tr. 22-6).   The Appeals

Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of

Mr. Cornett's age, education, and work experience could perform any jobs if he were

limited to "light" level exertion, with only occasional climbing, stooping, kneeling,

crouching, and crawling. (Tr. 300). The VE responded, that, while such a person

could not perform the plaintiff's past relevant work, there were other jobs that he

7

could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 300-1).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

One of the problems alleged by the plaintiff at the administrative hearing on January 12, 2005 was nervousness, anger, and depression, and he testified that his family physician, Dr. Grady Stumbo, had referred him to the Kentucky River Community Care (KRCC) outpatient mental health clinic for these problems about two months previously. (Tr. 284-5). He had been prescribed medication at KRCC, but had only been taking it for two weeks and so far noticed no effects. (Tr. 284-6).

The ALJ concluded in his decision that Mr. Cornett had an adjustment disorder, but that it was not "severe." (Tr. 21). Several grounds are given for this opinion, including the lack of evidence from the family physician, Dr. Stumbo, of a diagnosis of depression, the fact that the plaintiff did not initially allege a mental problem when he filed his applications in March, 2004, a statement that any affective disorder was "secondary to the claimant's physical problems," and that the most current treatment note from KRCC indicated that the claimant was doing "fairly well." (Id.).

The plaintiff challenges this conclusion of the ALJ on appeal. The Court agrees.

8

Cornett

While office notes from the family physician, Dr. Stumbo, were submitted, the most recent was dated August 30, 2004, before the time the plaintiff testified that the physician had referred him to KRCC. (Tr. 156).[1] The notes from KRCC clearly show that the plaintiff was referred by his family physician.  (E.g., Tr. 240).  The staff psychiatrist, Dr. Irfan Ifaq, recorded Mr. Cornett's complaints of depression about not being able to provide for his family, and symptoms including crying spells, poor sleep, lack of interest, and poor concentration.  (Id.).  He noted that the plaintiff had a depressed mood and slow speech, but his insight and judgment were "fairly intact." (Tr. 241).  Dr. Ifaq diagnosed a major depressive disorder with a Global Assessment of Functioning (GAF) score of 45.  (Id.).  A GAF score of 45 represents "serious impairment in social, occupational, or school functioning" per the Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34.  The psychiatrist prescribed the medication Wellbutrin.  On follow-up on January 5, 2005, a counselor noted that the plaintiff was still feeling depressed and could not see any change in his condition using the medication, although he was also noted to be "doing fairly well."  (Tr. 239).  Dr. Ifaq added a note at the bottom of this page ordering an increase in the dose of Wellbutrin.  No new GAF score or functional restrictions were suggested.

---

[1]The office note does include a referral to a physician for "pain management."

Cornett

In view of the uncontradicted evidence from a mental health professional that the plaintiff had a diagnosis of major depressive disorder at a "serious" level, the ALJ's finding of a less than "severe" adjustment disorder is not supported by substantial evidence.

While a remand will be required on the above issue, the Court notes in passing that the plaintiff was also given a hearing examination by Dr. Frank D. Mongiardo on November 17, 2004, and diagnosed with chronic serous otitis media and a mixed conductive and sensorineural hearing loss, which was "severe" in the left ear and "moderate" in the right ear. (Tr. 236-7). Dr. Mongiardo recommended that the plaintiff protect his hearing from further noise exposure. (Tr. 237). This is another factor that should have been found to be "severe."

The plaintiff has also submitted additional evidence to the Appeals Council and, while it cannot be considered as part of this Court's substantial evidence review, it may be considered, along with any other new evidence, on remand.

The decision will be remanded for further consideration.

This the ___/9___ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10